CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Danville
MAR 01 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WALTER I. ADKINS, | CASE NO. 4:05CV00049 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner denying plaintiff's June 24, 2002 claim for a period of disability, disability income and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this Court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the Court will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who had an 11th grade education and past relevant work as a mechanic, carpenter, supervisor and cabinet maker, met the special earnings requirements of the Act through the date of his decision, and that he had not worked since March 22, 2002 due to a back disorder. (R. 82, 91.) The Law Judge also determined that, while plaintiff did not suffer any impairment or combination thereof that met or equaled the requirements of any listed impairment, he did suffer cervical and lumbar degenerative disc

disease which were "severe" impairments as the term is used under the Act. (R. 86, 91.) The Law Judge specifically found that plaintiff's gastritis, esophagitis and allegations of depression were "non-severe" impairments. (R. 85-86, 91.) The Law Judge further found that, although plaintiff's allegations relating to his limitations were only "somewhat credible," he was disabled from his past relevant work. (R. 87, 91.) However, the Law Judge was of the view that plaintiff possessed the residual functional capacity for a limited range of light work and a full range of sedentary work. (R. 88, 91.)[1] By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations, and by reference to some of the testimony from the vocational expert (VE), the Law Judge found that jobs were available to a person with plaintiff's limitations. (R. 89-91.) Accordingly, the Law Judge concluded that plaintiff was not disabled under the Act.

An administrative appeal was taken during which an issue about the availability of the transcript arose. Suffice it to say, the Appeals Council granted plaintiff leave to file additional evidence even though it had taken earlier action when it denied review. (R. 67-72.) Plaintiff, by counsel, submitted a letter brief together with additional evidence, and on August 5, 2005, the Council determined that the evidence provided "no basis for changing the Administrative Law Judge's decision." (R. 5-47.) This action ensued.

Because the case proceeded to the final sequential level, the essential issue here is whether the Commissioner discharged her burden by coming forward with substantial evidence that alternate gainful work was available to a person with plaintiff's maladies and their effects.

---

[1] Specifically, the Law Judge found plaintiff could walk/stand for 6 hours in an 8-hour day and could lift as much as 10 pounds, but needed a sit/stand option, could not bend over to pick up things off the floor and experienced moderate pain which did not prevent him from carrying out assigned duties. (R. 91.) The Law Judge also acknowledged that plaintiff's exertional and non-exertional limitations "impeded" his ability to perform light work. (R. 89, 91.)

2

20 C.F.R. § 404.1520; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Where non-exertional limitations are present, the Commissioner may discharge that burden only by presenting vocational evidence, as opposed to relying simply on the grids. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983). To be relevant, the VE must have considered all the evidence in the record material to a claimant's limitations and their effects on his/her ability to perform work-related activities. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

In *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000) the court essentially held that new evidence presented to the Appeals Council may provide a basis for a reviewing court either to reverse the agency decision or remand the case for further proceedings. Where the Council fails to make specific findings of fact regarding that evidence, and where the evidence does not otherwise compel a court to enter judgment as a matter of law on the record before it, thus rendering the purpose of a remand unnecessary, then, under *Riley*, the better practice is for a reviewing court to send the case back for further proceedings in order to give the Commissioner an opportunity to make findings of fact that can be meaningfully assessed under 42 U.S.C. § 405(g).

Plaintiff, by counsel, has offered the brief filed on administrative appeal as the memorandum supporting his complaint. Essentially, plaintiff takes the position that, according to his primary treating physician, Lawrence Cohen, M.D., plaintiff was determined medically unable to work on March 22, 2002, and the medical necessity to remain out of work has remained indefinite ever since. Plaintiff believes that the Law Judge discounted the weight to be given Dr. Cohen's evidence on impermissible grounds, i.e., some perceived sympathy on the part of Dr. Cohen to help plaintiff with an insurance claim, thus avoiding the impact of Cohen's oft-

3

repeated opinion that plaintiff was disabled. Moreover, plaintiff points to a total absence of any evidence suggesting he was exaggerating his symptoms, and he offers that the uncontradicted medical evidence reveals a combination of impairments which the Law Judge simply did not fully assess.

Further, plaintiff offers that the questions posed by Law Judge to the VE, the answers to which eventually were relied on to find that jobs are available to a person like plaintiff, did not accurately represent the plaintiff's residual functional capacity. Thus, he believes the Commissioner failed to present evidence which discharged her burden at the final level of the sequential evaluation.

Finally, plaintiff offers that his medical records reveal he received some 32 days of medical treatment in 2002 and 2003, which he does not believe was not taken into proper account by the Law Judge under *McCargo v. Barnhart*, Case No. 4:03CV00021 (W.D.Va. 2003). Plaintiff's argument is that so much medical treatment in that representative time frame essentially would render him unavailable for work, which, in turn, is a vocational factor the VE is required to consider before being able to determine whether jobs are available. While plaintiff offers no specific argument concerning the evidence offered to the Appeals Council, the court, on its own, may assess whether the Council gave the evidence proper consideration or whether the record demonstrates good cause to remand for further proceedings.

The Commissioner offers eight reasons for the court to conclude there is substantial evidence to support the conclusions reached about plaintiff's residual functional capacity and, thus, to support the ultimate finding based upon the vocational evidence that plaintiff is not disabled. The Commissioner believes the reports of various office visits to Dr. Cohen which

4

reveal that plaintiff either was asymptomatic or demonstrated normal function and reflexes or minimal objective test findings are inconsistent with Cohen's functional assessment in which he opined plaintiff was not able to work, and the Law Judge properly resolved those inconsistencies. Further, the Commissioner offers that a number of plaintiff's physicians who treated his other maladies offer no views on his ability to work, but that the state agency consultants who reviewed plaintiff's medical records found him capable of performing work-related activities which eventually formed a basis for the Law Judge's determination of plaintiff's residual functional capacity.

Moreover, the Commissioner takes the position that the Law Judge did, in fact, consider plaintiff's multiple impairments which is reflected in his summary of the medical evidence that precedes his findings at the final three levels of the sequential analysis. The Commissioner further believes the Law Judge accounted for all of plaintiff's subjective complaints, properly weighed whether he suffered disabling pain and properly resolved conflicts in the evidence concerning the nature and extent of plaintiff's complaints in view of all the evidence, including that evidence related to his daily activities. The Commissioner also does not believe that *McCargo* compels a different result here because it can be distinguished on its facts. Finally, the Commissioner offers that the Law Judge's decision at the final sequential level has substantial evidentiary support, and she contends that the VE was afforded such an opportunity to weigh the substantial evidence that this testimony can withstand the *Walker* test. Particularly, the Commissioner challenges the contentions offered by plaintiff's counsel concerning the position of grocery store clerk as irrelevant and immaterial to a decision here because plaintiff's attorney is not a vocational expert.

5

Case 4:05-cv-00049-JLK-BWC   Document 13   Filed 03/01/06   Page 5 of 7   Pageid#: 73

Ordinarily, the undersigned first would proceed directly to address whether the Commissioner failed to give the evidence offered on administrative appeal its due consideration under *Riley*. If it did not, a remand would be in order to afford the Commissioner an opportunity to fully consider and make reviewable findings relating to the Law Judge's ultimate conclusions concerning the weight he gave to the treating medical evidence. However, even if the Commissioner's rather laconic treatment to the evidence offered on administrative review were considered error under *Riley*, the undersigned is of the view it was harmless. In that connection, the undersigned observes that the form filled out by this treating doctor as a statement of the plaintiff's work-related abilities is inconsistent with his observations of the plaintiff recorded in the various parts of the record cited and relied on by the Law Judge. Moreover, and most telling, is the office note dated March 12, 2003 where plaintiff is reported as "doing excellent," and revealing that he was "off all of his pain medication." (R. 335.) The physician also noted that he had instructed plaintiff on walking exercises which the office note reports he "is doing a lot of (sic)." (*Id.*) Thus, the undersigned concludes that the evidence offered on administrative appeal was not likely to have affected the decision even if it had been properly evaluated under *Riley*.

This case is markedly different from *McCargo*, certainly in the ways pointed out by the Commissioner in her brief. Moreover, a decision here, does not rest almost exclusively on the Law Judge's resolution of the credibility of the plaintiff's testimony concerning the subjective effects of his maladies and what essentially was the Law Judge's personal view of McCargo's credibility. Here, the treating evidence conflicts and the Law Judge's resolution of that conflict in determining plaintiff's residual functional capacity is supported by substantial evidence.

Therefore, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's

final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Substituted Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3/1/06
Date

7